**UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **ZACHARY HUNT**, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**DINESOL PLASTICS, INC.**,<br><br>Defendant. | Case No.:<br><br>Hon.:<br><br>Mag.: |

## COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Zachary Hunt ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorneys, hereby brings this Collective and Class Action Complaint against Defendant Dinesol Plastics, Inc. ("Defendant") to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq*., The Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111, *et seq*. ("OMFWSA"), Section 34a of Article II of the Ohio Constitution, and common law.

Plaintiff's allegations herein are based upon knowledge as to matters relating to himself and upon information and belief as to all other matters.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

2. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3. Defendant's annual sales exceed $500,000.00 and they had more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

4. This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367 because they originate from the same facts that form the basis of his federal claims.

5. This Court has personal jurisdiction over Defendants because Defendants conduct business within the state of Ohio, employ individuals within the state of Ohio, are registered with the Ohio Secretary of State, and maintain their principal place of business in the state of Ohio.

6. Venue lies in this District pursuant to 28 U.S.C. § 1391 because the Defendant is subject to personal jurisdiction in this District.

7. Defendant's principal place of business is located in Niles, Ohio, so jurisdiction lies in the Northern District of Ohio.

## PARTIES

8. Plaintiff is an adult resident of Warren, Ohio and is currently employed with Defendant. Plaintiff's consent to join form is attached as ***Exhibit A***.

9. Additional putative Collective and Class members were or are employed by Defendant in different states as hourly employees during the past three years and their consent forms will also be filed in this case.

10. Defendant is a plastic injection molding company with locations in Ohio and Illinois.

11. Defendant is headquartered in Niles, Ohio.

12. Defendant is engaged in an “enterprise” through “common operations” and/or “common control” under the FLSA, 29 U.S.C. § 203(r)(1), subject to the provisions of 29 U.S.C. §§ 201.

13. Defendant’s registered agent for purposes of service is CK Fibus, 190 N. Meridian Rd., Youngstown, Ohio 44509.

## FACTUAL ALLEGATIONS

14. Plaintiff began working for Defendant in June 2023, as a non-exempt, hourly employee, and is currently employed by Defendant.

15. Plaintiff works as Process Technician for Defendant in or around Warren, Ohio.

16. Plaintiff’s most recent base hourly rate of pay is $27.00.

17. In addition to the base rate of pay, Defendant incorporated various types of routine and non-discretionary pay into its compensation structure. For example, Defendant paid employees Attendance Bonus pay.

18. Throughout Plaintiff’s employment with Defendant, Plaintiff was not earning a consistent and properly calculated overtime wage that included Attendance Bonus pay and other non-discretionary remuneration in the regular rate for proper overtime calculation.

19. As non-exempt employees, Defendant’s hourly employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their “regular rate” of pay.

### The Regular Rate of Pay

20. Under FLSA, the regular rate is the “keystone” to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is “the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed.” 29 C.F.R. §778.108.

21. No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

22. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. Defendants carry the burden to establish that any payment should be excluded. *Acton v. City of Columbia, Mo*., 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000)). Thus, determining the regular rate starts from the premise that all payments made to Defendant's hourly employees for work performed are included in the base calculation unless specifically excluded by statute.

23. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

24. Plaintiff's "total remuneration" included not only his base hourly pay, but also Attendance Bonus pay. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate…."; *see also*

29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including non-discretionary bonuses).

25. Defendant's Attendance Bonus pay and other non-discretionary remuneration do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

26. However, Defendant failed to incorporate Attendance Bonus pay and other non-discretionary remuneration into its hourly employees' regular hourly rate calculation for overtime rates, resulting in *prima facie* violations of the FLSA.

27. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) hours per week.

28. Plaintiff and those similarly situated regularly worked in excess of 40 hours a week, and were paid some overtime for those hours, but at a rate that did not include Defendant's Attendance Bonus pay and other non-discretionary remuneration for overtime rates as required by the FLSA.

29. For example, Plaintiff's pay stub for the pay period beginning 3/23/2025 through 4/5/2025, shows 87.50 hours of work, a base hourly rate of $27.00 (an overtime rate of $40.50 (1.5 times the base rate)), and gross earnings of $2,707.50, inclusive of $210.00 in Attendance Bonus pay. However, Defendant failed to include the Attendance Bonus pay and other non-discretionary pay in the overtime rate calculation and, therefore, violated the FLSA.

30. Upon information and belief, Defendant maintained a centralized payroll system which calculated the regular rate in the same manner at each location and for all hourly employees.

31. Moreover, to the extent that any of Defendant's premium compensation paid to Plaintiff, and those similarly situated, could be qualified and applied as a credit under 29 U.S.C. §§ 207(7)(h), those credits may only be applied to the same workweek or work period in which the premiums were paid. *Herman v. Fabri-Centers of Am., Inc.*, 308 F. 3d 580, 590-92 (6th Cir. 2002).

32. In a Department of Labor Opinion Letter dated December 23, 1985, the Deputy Administrator stated: "We wish to point out that the surplus overtime premium payments, which may be credited against overtime pay pursuant to section 7(h) of [the] FLSA, may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods." *Opinion Letter Fair Labor Standards Act* (FLSA), 1985 WL 304329 at 3 (1985).

33. As a result of these *prima facie* FLSA violations, Defendant is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

**Off-the-Clock Work**

34. Pursuant to Defendant's policies, training, and direction, Defendant required Plaintiff and all other hourly employees who worked as process technicians and maintenance personnel within Plaintiff's department to attend daily pre-shift meetings, review changes and/or status of current workflow, and address any emergencies related to workflow and production, prior to clocking into Defendant's timekeeping system.

35. This pre-shift off-the-clock work generally took between ten (10) and fifteen (15) minutes per shift, but Defendant's hourly employees were not paid for this time.

36. Plaintiff and all other employees were subject to discipline if they failed to perform the daily off-the-clock tasks described above.

37. The pre-shift off-the-clock work Plaintiff and all other hourly employees performed is compensable, directly benefitted Defendant and the tasks undertaken in connection with the off-the-clock work are integral and indispensable to their job duties and responsibilities as hourly employees of Defendant.

38. Defendant knowingly and willfully engaged in the above-mentioned violation of the FLSA.

**Time Rounding**

39. Generally, employers may record employees' starting or stopping times to the nearest five minutes or to the nearest one-tenth or quarter of an hour. 29 C.F.R. § 785.48(b). The regulations provide these rounding practices may be used presuming the arrangement averages out so the employees are fully compensated for all the time they actually work. *Id*.

40. However, an employer's policy of rounding off is permissible only if the rounding occurs so employees are not disadvantaged over time. 29 C.F.R. § 785.48. Rounding off practices that result in significant discrepancies in recordkeeping or in a failure to compensate employees for time actually worked are improper. *Id*.

41. At all relevant times, through the use of a computer software system, Defendant recorded its hourly employees' time clock punches on a daily basis.

42. Throughout his employment with Defendant, Plaintiff punched in on Defendant's time-clock system at the beginning of his shifts and punched out at the end of his shifts.

43. Defendant maintains an unlawful rounding policy which rounds employee punch-in and punch-out times in a way that inured to Defendant's benefit. As a result, Defendant failed to pay Plaintiff for all time worked. Defendant's violations are apparent on the face of Plaintiff's earnings statements, which clearly show all time is rounded to the nearest half hour.

44. In each workweek where Plaintiff worked forty (40) hours or more, the rounding policy resulted in an unlawful deprivation of the overtime wages required by the FLSA.

45. In each workweek where Plaintiff worked less than forty (40) hours, the rounding policy also resulted in an unlawful deprivation of straight-time wages (i.e., gap time).

46. Upon information and belief, the unlawful pay practices evidenced in Plaintiff's earnings statements were committed against every hourly employee in every workweek.

47. Defendant's time-rounding practices almost invariably inured to its benefit.

48. Defendant's time-rounding practices were intended to systematically underpay all of its hourly employees, and Defendant were unjustly enriched as a result.

49. Defendant's policy and practice of rounding Plaintiff's punch-in and punch-out times resulted in a substantial amount of uncompensated work over the past three years.

50. Defendant knew or should have known that all of Plaintiff's hourly work was compensable under the FLSA. Likewise, Defendant knew or should have known that its rounding policies and practices violated the FLSA.

51. As a matter of common business policy, Defendant failed to pay Plaintiff and the putative Collective members for all work performed as set forth in this Complaint. They were not paid their promised hourly wage for all work performed, and they were not paid overtime, as required by the FLSA, in weeks in which they worked more than forty (40) hours.

52. As a result of these *prima facie* FLSA violations, Defendant is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

## FLSA COLLECTIVE ACTION ALLEGATIONS

53. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all of Defendant's current and former hourly employees who worked at any of Defendant's locations in the United States at any time in the past three years.

54. Plaintiff and putative Collective Members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and did receive Attendance Bonus pay and other non-discretionary remuneration, but such pay was not calculated as part of their regular rate as required by the FLSA.

55. Upon information and belief, Defendant utilized a centralized payroll system which calculated overtime pay for all similarly situated employees in the same or similar manner regardless of job title or work location.

56. Resolution of this action requires inquiry into common facts.

57. These similarly situated individuals are known to Defendant, are readily identifiable, and can be located through Defendant's payroll records, which Defendant is required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

58. Notice to similarly situated employees is proper and necessary so that these employees may be readily notified of this action through electronic means, including email and text message, and allowed to opt in for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

59. Upon information and belief, there are hundreds of similarly situated current and former employees of Defendant who were not paid their required wages and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

## RULE 23 OHIO STATE LAW CLASS ACTION ALLEGATIONS

60. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of himself and on behalf of:

> *All current and former hourly employees who work or have worked for Defendant at any location in Ohio during the applicable statutory period.*

(hereinafter referred to as the "Rule 23 Ohio Class"). Plaintiff reserves the right to amend this definition if necessary.

61. The members of the Rule 23 Ohio Class are so numerous that joinder of all Rule 23 Ohio Class members in this case would be impractical. Plaintiff reasonably estimates there are hundreds of Rule 23 Ohio Class members. Rule 23 Ohio Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

62. There is a well-defined community of interests among Rule 23 Ohio Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Ohio Class. These common legal and factual questions, include, but are not limited to, the following:

a. Whether the pre-shift time Rule 23 Ohio Class members spent on attending daily pre-shift meetings prior to clocking before "clocking in" for each shift is compensable;

b. Whether Defendant engaged in a policy or practice of failing to pay each Rule 23 Ohio Class member regular wages or minimum wage for each non-overtime hour worked;

c. Whether Defendant engaged in a policy or practice of failing to pay each Rule 23 Ohio Class member overtime compensation for each overtime hour worked; and

d. Whether Defendant should be required to pay compensatory damages, attorneys' fees, penalties, costs, and interest for violating the state laws and wage acts applicable to the members of the Rule 23 Ohio Class.

63. Plaintiff's claims are typical of those of the Rule 23 Ohio Class in that he and all

other Rule 23 Ohio Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Ohio Class members' claims and his legal theories are based on the same legal theories as all other Rule 23 Ohio Class members.

64. Plaintiff will fully and adequately protect the interests of the Rule 23 Ohio Class and Plaintiff retained counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Ohio Class.

65. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Ohio Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

66. This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendant has advanced networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

67. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

68. Because Defendant has acted and refused to act on grounds that apply generally to the Rule 23 Ohio Class and declaratory relief is appropriate in this case with respect to the Rule

23 Ohio Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## RULE 23 NATIONWIDE CLASS ACTION ALLEGATIONS

69. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of himself and on behalf of:

> *All current and former similarly situated hourly employees who worked for Defendant at any time during the applicable statutory period.*

(hereinafter referred to as the "Rule 23 Nationwide Class"). Plaintiff reserves the right to amend this definition if necessary.

70. The members of the Rule 23 Nationwide Class are so numerous that joinder of all Rule 23 Nationwide Class members in this case would be impractical. Plaintiff reasonably estimates there are hundreds of Rule 23 Nationwide Class members. Rule 23 Nationwide Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

71. There is a well-defined community of interests among Rule 23 Nationwide Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Nationwide Class. These common legal and factual questions, include, but are not limited to, the following:

a. Whether the pre-shift time Rule 23 Nationwide Class members spent on mandatory meetings each shift is compensable time under applicable law;

b. Whether Defendant's non-payment of wages for all compensable time amounted to a breach of contract; and

c. Whether Defendant's non-payment of wages for all compensable time resulted in an unjust enrichment to Defendant.

72. Plaintiff's claims are typical of those of the Rule 23 Nationwide Class in that he and all other Rule 23 Nationwide Class members suffered damages as a direct and proximate result

of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Nationwide Class members' claims and his legal theories are based on the same legal theories as all other Rule 23 Nationwide Class members.

73. Plaintiff will fully and adequately protect the interests of the Rule 23 Nationwide Class and Plaintiff retained counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Nationwide Class.

74. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Nationwide Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

75. This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendant has advanced networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

76. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

77. Because Defendant has acted and refused to act on grounds that apply generally to the Rule 23 Nationwide Class and declaratory relief is appropriate in this case with respect to the Rule 23 Nationwide Class as a whole, class certification pursuant to Rule 23(b)(2) is also

appropriate.

## COUNT I
## FLSA COLLECTIVE ACTION VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME

78. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

79. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

80. Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

81. Defendant is engaged in an "enterprise" through "common operations" and/or "common control" under the FLSA, 29 U.S.C. § 203(r)(1), subject to the provisions of 29 U.S.C. §§ 201.

82. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendant's Attendance Bonus pay and other remuneration do not fall into any of those exceptions.

83. Defendant failed to include Attendance Bonus pay and other non-discretionary remuneration into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendant's hourly employees are working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

84. At all relevant times, Defendant maintained a policy and practice of willfully refusing to pay Plaintiff and all putative collective members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

85. As a result of Defendant's willful failure to compensate Plaintiff and the putative

collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated and continue to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

86. Plaintiff and all others similarly situated are entitled to back pay as well as liquidated damages in an amount equal to their back pay. As a result of Defendant's FLSA violations, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records Defendant is statutorily required to maintain under FLSA, 29 U.S.C. § 211(c).

87. Plaintiff and all others similarly situated are entitled to back pay, liquidated damages, interest, attorney's fees and costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

**COUNT II**
**RULE 23 OHIO CLASS ACTION**
**VIOLATIONS OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT ("OMFWSA"), O.R.C. §§ 4111, *et seq.* AND OHIO CONSTITUTION ART. II, § 34a**

88. Plaintiff re-alleges and incorporates all previous paragraphs herein.

89. At all times relevant to this action, Defendant was subject to the mandates of the OMFWSA, O.R.C. §§ 4111, *et seq.*, and Section 34a of Article II of the Ohio Constitution.

90. At all times relevant to this action, Plaintiff and the Rule 23 Ohio Class worked for and were "employees" of Defendant in Ohio and were therefore covered by Section 34a of Article II of the Ohio Constitution and the OMFWSA.

91. At all times relevant to the action, Defendant was an employer covered by Section 34a of Article II of the Ohio Constitution and the overtime and wage mandates of the OMFWSA, O.R.C. § 4111, *et seq*.

92. The OMFWSA provides that employees are entitled to a minimum wage, O.R.C. § 4111.02, as well as "overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, O.R.C. § 4111.03. *See also* Ohio Const. art. II § 34a.

93. At all times relevant to this action, Defendant engaged in an unlawful policy and practice of requiring Plaintiff and the Rule 23 Ohio Class members to perform pre-shift work off-the-clock, every shift, and failed to pay these employees the minimum wage and overtime compensation to which they were entitled under Section 34a of Article II of the Ohio Constitution, Ohio Const. art. II § 34a, and the OMFWSA, O.R.C. §§ 4111.02 and 4111.03, for the work they performed.

94. By failing to pay Plaintiff and members of the Rule 23 Ohio Class the minimum wage and overtime compensation to which they were entitled for performing the off-the-clock work described herein, Defendant violated Section 34a of Article II of the Ohio Constitution, Ohio Const. art. II § 34a, and the OMFWSA, O.R.C. §§ 4111.02 and 4111.03.

95. Section 34a of Article of the Ohio Constitution and § 4111.14(A)(3) of the OMFWSA allow an employee who has not been paid minimum wage for all hours worked to bring a civil action to recover "[double] back wages, damages, and the employee's costs and reasonable attorney's fees." O.R.C. § 4111.14(A)(3); *see also* Ohio Const. art. II § 34a.

96. Pursuant to O.R.C. § 4111.10(A), an employer who fails to pay its employees for all overtime wages outlined in O.R.C. § 4111.03 "is liable to the employee affected for the full

amount of the overtime wage rate, less any amount actually paid to the employee by the employer, and for costs and reasonable attorney's fees." O.R.C. § 4111.10(A)

97. Additionally, § 4111.08 of the OMFWSA requires employers to maintain and preserve payroll records, including "the amount paid each pay period to each employee, the hours worked each day and each work week by the employee." O.R.C. § 4111.08.

98. Defendant violated the OMFWSA, O.R.C. § 4111.08, by failing to properly maintain accurate records of all hours Plaintiff and the members of the Rule 23 Ohio Class worked each workday and within each workweek.

99. Defendant's uniform policy and practice, as described above, was willful, intentional, unreasonable, arbitrary, and in bad faith.

100. As a result, the Rule 23 Ohio Class has and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Rule 23 Ohio Class is entitled to recover double back wages, damages, attorneys' fees plus costs, interest, and other appropriate relief under Section 34a of Article of the Ohio Constitution and the OMFWSA at an amount to be proven at trial.

## COUNT III
## RULE 23 NATIONWIDE CLASS ACTION
## BREACH OF CONTRACT

101. Plaintiff re-alleges and incorporates all previous paragraphs herein.

102. At all times relevant to this action, Defendant had a binding and valid contract with Plaintiff and every other Rule 23 Nationwide Class member to pay each employee for each hour they worked at a pre-established (contractual) regular hourly rate in consideration of the work duties Plaintiff and the Rule 23 Nationwide Class members performed on behalf of Defendant.

103. Evidence of these contracts include Defendant's letters offering employment, pay statements, and other documentary evidence in Defendant's possession. Additionally, Defendant

made verbal offers for payment at a specified, above minimum wage for hourly work, which Plaintiff accepted and performed, but Defendants failed to perform by paying Plaintiff and the Rule 23 Nationwide Class the promised wages.

104. Defendant breached their contractual promises by failing to pay hourly employees at their fixed, pre-agreed upon hourly rate for all of the hours worked.

105. Plaintiff and every other Rule 23 Nationwide Class member accepted the terms of Defendant's contractual promises contained in Defendant's offer letters, and performed under the contracts by doing their jobs and carrying out the work they performed each shift, which included the unpaid off-the-clock work that was required of them in connection with pre-shift work described herein.

106. By not paying Plaintiff and every other Rule 23 Nationwide Class member the agreed upon hourly wage for the work they performed each shift in connection with the off-the-clock work described herein, Defendant systematically breached their contracts with Plaintiff and each member of the Rule 23 Nationwide Class.

107. Defendant can easily ascertain the amount of damages owed to Plaintiff and the Rule 23 Nationwide Class members based on the allegations made in this Complaint (specifically the amount of off-the-clock work claimed each shift) in conjunction with Defendant's payroll records, which will provide the number of shifts worked by each Rule 23 Nationwide Class member.

108. Plaintiff and the Rule 23 Nationwide Class members' remedies under the FLSA are inadequate in this case to the extent Defendant paid them more than the federally mandated minimum wage of $7.25 per hour, but less than forty (40) hours per week (i.e., pure "gap time" claims for non-overtime hours/workweeks).

109. Defendant also breached their duty of good faith and fair dealing by failing to keep

track of the time Plaintiff and other Rule 23 Nationwide Class members spent performing off-the-clock activities, which is a fundamental part of an "employer's job."

110. As a direct and proximate result of Defendant's contractual breaches, Plaintiff and the Rule 23 Nationwide Class members were damaged in an amount to be determined at trial.

**COUNT IV**
**RULE 23 NATIONWIDE CLASS ACTION**
**UNJUST ENRICHMENT**

111. Plaintiff re-alleges and incorporates all previous paragraphs herein.

112. This Count is pled in the alternative to Count III, *supra*, pursuant to Fed. R. Civ. P. 8(d)(2)-(3).

113. At all times relevant to this action, Defendant promised Plaintiff and every other Rule 23 Nationwide Class member a pre-established regular hourly rate in consideration of the work duties Plaintiff and the Rule 23 Nationwide Class members performed for the benefit of Defendant.

114. Plaintiff and every other Rule 23 Nationwide Class member relied upon Defendant's promise for the pre-established regular hourly rate and performed by doing their jobs and carrying out their required work duties.

115. By not paying Plaintiff and every other Rule 23 Nationwide Class member the agreed upon hourly wage for the off-the-clock work they performed each shift, Defendant was unjustly enriched.

116. Plaintiff and the Rule 23 Nationwide Class members performed off-the-clock work tasks at the request of and without objection by Defendant.

117. Defendant received and accepted the above-referenced off-the-clock work services from Plaintiff and every other Rule 23 Nationwide Class member and enjoyed the benefits derived

therefrom.

118. Upon information and belief, Defendant used the monies owed to Plaintiff and every other Rule 23 Nationwide Class member to finance their various business ventures or pay their equity owners.

119. Defendant has been unjustly enriched by the retention of monies received pursuant to the services Plaintiff and the Rule 23 Nationwide Class performed for Defendant's benefit, without having compensated Plaintiff and the Rule 23 Nationwide Class for the same.

120. Plaintiff and the Rule 23 Nationwide Class suffered detriment due to Defendant's failure to compensate them for the off-the-clock work described herein, in that Plaintiff and the Rule 23 Nationwide Class were deprived of the ability to utilize that time, effort and their resources in a profitable manner.

121. As a direct and proximate result of Defendant's actions, Plaintiff and every other Rule 23 Nationwide Class member suffered damages, including but not limited to, loss of wages.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, requests the following relief:

a. An Order authorizing Court Supervised Notice pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendant to provide Plaintiff a list of all current and former hourly employees who work or have worked for Defendant at any time in the past three years. This list shall include the last known addresses, emails, and telephone number of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to participate;

b. An Order certifying this action as a class action (for the Rule 23 Ohio Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's Ohio state law claims (Count II);

c. An Order certifying this action as a class action (for the Rule 23 Nationwide Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's breach of contract

claim (Count III);

d. An Order certifying this action as a class action (for the Rule 23 Nationwide Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's unjust enrichment claim (Count IV);

e. An Order designating the Plaintiff as representative of the Rule 23 Ohio Class, and the Rule 23 Nationwide Class, and undersigned counsel as Class counsel for the same;

f. An Order declaring Defendant's violations of the FLSA were willful;

g. An Order declaring Defendant violated Ohio state law for failing to pay Plaintiff and the Rule 23 Ohio Class the minimum wage and overtime compensation to which they were entitled;

h. An Order declaring Defendant breached their contracts with Plaintiff and the members of the Rule 23 Nationwide Class by failing to pay them for each hour they worked at a pre-established (contractual) regularly hourly rate;

i. An Order declaring Defendant was unjustly enriched by the off-the-clock work it required Plaintiff and the members of the Rule 23 Nationwide Class to perform;

j. An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff, the Rule 23 Ohio Class, and the Rule 23 Nationwide Class the full amount of damages and penalty damages available by law;

k. An Order awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

l. An Order awarding pre- and post-judgment interest to Plaintiff on these damages; and

m. An Order awarding such other and further relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this Complaint that are so triable as a matter of right.

Date: July 25, 2025

Respectfully submitted,

*/s/ Matthew L. Turner*
Matthew L. Turner (P48706)
**SOMMERS SCHWARTZ, P.C.**
One Towne Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300
mturner@sommerspc.com

*Attorneys for Plaintiff and the Proposed Collective/Class Members*